Brian K. Condon (State Bar No. 138776)
brian.condon@aporter.com
Amy B. Levin (State Bar No. 217583)
amy.levin@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Trenton H. Norris (SBN 164781)
trent.norris@aporter.com
ARNOLD & PORTER LLP
One Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 356-3000
Facsimile: (415) 356-3099

Attorneys for Defendant
PatentHEALTH, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE FOERSTER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PATENTHEALTH, LLC, an Ohio corporation, and DOES 1-10, inclusive,<br><br>Defendant. | Case No. CV10 9936 AHM (JEMx)<br><br>**[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. A. Howard Matz<br>Place: Courtroom 14 |

Upon consideration of the Parties' Stipulated Protective Order, filed concurrently herewith, and for good cause shown, the Court GRANTS the Stipulated Protective Order as follows:

1. The Protective Order shall govern all Discovery Materials produced or disclosed in the Litigation by any Party, or by any non-party, or their respective counsel, retained experts, directors, officers, employees, or agents (referred to herein collectively as "Representatives") (the "Producing Party") to any other Party or its Representatives (the "Receiving Party"). The term "Discovery Materials" shall mean and include Documents (as defined below); answers to interrogatories; responses to requests for admissions; depositions; expert reports; briefs, memoranda, or writings filed with or otherwise supplied to the Court; and such other materials and information as may be produced or disclosed during the course of discovery in the Litigation. The term "Documents" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure. The existence of this Protective Order shall not expand the permissible scope of discovery pursuant to Federal Rule 26.

2. The term "CONFIDENTIAL INFORMATION" shall mean and include non-public confidential information of or in the possession of the Producing Party as to which the Producing Party considers in good faith to contain Trade Secrets (as that

term is defined in California Civil Code § 3426.1)[1] or confidential business, financial, or technical information that may be protected from public disclosure under the Federal Rules of Civil Procedure or California law, including without limitation non-public financial information regarding the party's goods, services and businesses and potential businesses; non-public information regarding business development, marketing and sales plans; non-public surveys and data; non-public technical information including non-public engineering, manufacturing and commercial information and know-how; non-public competitive analyses; customer and member information; confidential agreements with third parties; confidential communications with third parties; information received from third parties under conditions of confidentiality, for example, pursuant to non-disclosure agreements or confidentiality provisions; source code, proprietary databases and other proprietary electronically stored information.

  3. Any Discovery Materials filed with the Court or produced or provided by any Party or non-party in the course of discovery or other proceedings in this action may be designated by such Party or non-party as CONFIDENTIAL INFORMATION so long as a good faith and reasonable basis exists for such a designation.

  4. The term "Counsel" shall mean outside counsel of record in the Litigation and in-house counsel for Defendant, and the supporting personnel employed by the outside counsel of record, such as paralegals, translators, secretaries, clerks, shorthand reporters and document copiers.

  5. An "Independent Expert or Consultant" is any person or organization with whom counsel or a party may deem it necessary to consult concerning technical,

---

[1] "Trade Secrets" accordingly means "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1.

financial or other aspects of this case for the preparation or trial thereof.  For the purposes of this Order, an Independent Expert or Consultant shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party, and is not a past or a current employee of a Party or a Party's affiliates, and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's affiliates.  No Independent Expert or Consultant may be shown any CONFIDENTIAL INFORMATION until such person or organization reads this Protective Order and agrees to be bound by its terms by signing the Non-Disclosure Agreement attached hereto as Exhibit A.  The Party who has retained such an Independent Expert or Consultant shall keep the original Non-Disclosure Agreement signed by the Independent Expert or Consultant and, if requested, make it available for inspection or copying by the Producing Party at the conclusion of the litigation and all appeals, unless the Independent Expert or Consultant has already been designated as a testifying expert, in which case it may be requested by the Producing Party after such designation.

6. Any Discovery Materials containing or including any CONFIDENTIAL INFORMATION shall be designated as such by the Producing Party by stamping or labeling it with, or otherwise affixing thereto, the following legend on every page of the Document:

"CONFIDENTIAL."

7. All CONFIDENTIAL INFORMATION not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth in Paragraph 6 above shall be designated by the Producing Party by informing the Receiving Party in writing of the appropriate designation.

8. If a Producing Party discloses Discovery Materials which, during the pendency of this litigation, it later determines were not, but should have been, designated CONFIDENTIAL INFORMATION, the Producing Party may so

designate such Discovery Material by serving a written notice upon the Receiving Party within ten (10) Court days of learning of the incorrect designation, along with a copy of such Discovery Materials marked with the appropriate designation. The Receiving Party shall then take reasonable steps to destroy or return to the Producing Party all unmarked copies of such Discovery Materials within ten (10) Court days and certify in writing that it has done so. The Receiving Party is relieved of liability for any good faith reliance on the previous designation.

9. If a Receiving Party wishes to challenge a Producing Party's designation of Discovery Materials as CONFIDENTIAL INFORMATION, the Receiving Party may, at any time, notify the Producing Party in writing that it requests a redesignation or release of confidentiality, stating the basis for its request. Within ten (10) Court days of such a written request, the Producing Party shall either (1) grant in writing the request; or (2) communicate in writing its refusal to do so, stating the basis for its refusal. If the Producing Party fails to communicate in writing its agreement to release confidentiality within ten (10) Court days, the Producing Party shall be deemed to have refused and the parties shall meet and confer and attempt to resolve the matter without Court intervention. Similarly, if a refusal is made or deemed made, the parties shall make a good faith effort to resolve the matter without Court intervention. If a refusal is made and not resolved by the parties, the Receiving Party shall file, within ten (10) Court days of the meet and confer, a motion (or, at the Court's preference, shall initiate other form of dispute resolution) with the Court in support of its request for redesignation or release of confidentiality in which the Producing Party shall bear the burden of showing the appropriateness of the confidentiality designation. If the Receiving Party fails to file a motion in the prescribed time, the Receiving Party shall be deemed to have withdrawn its objection, without prejudice to renewing such objection at a later date. Discovery Materials designated CONFIDENTIAL INFORMATION shall be given the CONFIDENTIAL INFORMATION treatment provided for in this Protective Order until the parties

resolve the matter, the refusal to release confidentiality is withdrawn, or the Court orders re-designation of the Discovery Materials.

10. Whenever a deposition taken on behalf of any party involves the reference to or disclosure of CONFIDENTIAL INFORMATION:

(a) said deposition or portions thereof (including exhibits) that contains CONFIDENTIAL INFORMATION shall be so designated by a statement to such effect on the record in the course of the deposition. Alternatively, within ten (10) Court days after receiving the transcript containing CONFIDENTIAL INFORMATION, the party whose CONFIDENTIAL INFORMATION has been disclosed may designate pages of the transcript as confidential by listing the pages of the transcript containing CONFIDENTIAL INFORMATION and serving copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof or notify counsel for all parties that it deems the entire transcript CONFIDENTIAL INFORMATION. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL INFORMATION. If no designation is made within the prescribed time, the entire transcript will be deemed not to contain CONFIDENTIAL INFORMATION. Notwithstanding any automatic or specific designations under this paragraph, the other parties may object to CONFIDENTIAL INFORMATION designations in accordance with paragraph 9; and

(b) either party shall have the right to exclude from attendance at said deposition, during such time as the CONFIDENTIAL INFORMATION is to be referenced or disclosed, every individual excluding the deponent and his attorney, the court reporter, videographer and those individuals authorized under this Protective Order to receive CONFIDENTIAL INFORMATION.

11. All Discovery Materials designated as CONFIDENTIAL

INFORMATION shall be treated as confidential by the Receiving Party and shall not be used or disclosed by the Receiving Party for any purpose other than in connection with this Action, and any appeals thereof, and until such designation is removed by agreement of Counsel or by Order of the Court.

12. Except as provided herein, all Discovery Materials designated as CONFIDENTIAL INFORMATION shall not be disclosed by the Receiving Party to anyone other than: (i) Counsel, (ii) Independent Experts or Consultants, (iii) the Parties, or any officer, director or employee of Defendant or Plaintiff, to the extent deemed necessary by counsel for purposes only in connection with this Action; and (iv) the Court, pursuant to the terms of this Protective Order.

13. In addition to the authorized persons listed in Paragraph 13 with respect to Documents designated as including CONFIDENTIAL INFORMATION, any person indicated on the face of the Document to be its originator or author or a recipient thereof may be shown the Document. Additionally, any Document designated as including CONFIDENTIAL INFORMATION may be shown during a deposition to the deposition witness if the witness is employed, at the time of his or her deposition, by the party that produced the Document so designated during the deposition of that person. A Document designated as including CONFIDENTIAL INFORMATION that contains handwriting may be shown to a deposition witness for the purpose of determining whether the deposition witness is the author of the Document or the handwriting, provided that the attorney establishes through deposition testimony a reasonable and good faith basis for believing that the Document or handwriting was or could have been authored by the deposition witness, and provided that the attorney takes reasonable steps to ensure that no unnecessary disclosure of CONFIDENTIAL INFORMATION takes place (e.g., by showing the deposition witness a limited sample of the handwriting at issue).

14. Nothing contained in this Protective Order shall preclude the Producing Party from using or disseminating its own CONFIDENTIAL INFORMATION.

15.     CONFIDENTIAL INFORMATION and all items which reveal the contents thereof to be filed with the Court by any party or non-party shall be filed in sealed envelopes or other appropriately sealed containers on which shall appear a legend which provides as follows:

FILED UNDER SEAL

CONTAINS CONFIDENTIAL INFORMATION

SUBJECT TO PROTECTIVE ORDER

The enclosed materials are subject to a Protective Order of the United States District Court for the Central District of California.  This envelope may not be opened without Court Order by any person other than this Court, court personnel or counsel of record.

In accordance with Rule 79-5.1 of the Local Rules of the Central District of California, a written application and proposed order shall be presented to the judge along with the document submitted for filing under seal.  In order to enable the Court to determine whether there is evidence that the Court should attempt not to disclose, if a party or non-party files with the Court any documents that contain, refer to, or rely on CONFIDENTIAL INFORMATION, all papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential.  Absent such notification, the Court will be free to incorporate all such documents and any information contained, referred to, or relied upon therein in its written and oral rulings.

16.     No Party shall be deemed to have waived any rights as to (i) inadvertently-produced Discovery Materials that are protected from discovery on the basis of privilege or the work-product doctrine under Rule 26 of the Federal Rules of Civil Procedure or (ii) materials not specifically identified as privileged but that are protected from discovery on the basis of privilege, including, without limitation, non-discoverable privileged materials created during the litigation, pursuant to Rule 26(b)(1).  The inadvertent production of such documents does not waive any

1  privilege or immunity with respect to such production or with respect to other
2  materials or information referred to in the materials produced, so long as a request for
3  the return or destruction of such documents or information is made in writing within
4  ten (10) Court days after the Producing Party learns of its inadvertent production.
5  The Producing Party's written request shall specifically identify the inadvertently
6  produced documents or information and shall state the basis for the claim of privilege
7  or protection.  Within ten (10) Court days of such request, the Receiving Party shall
8  take reasonable efforts to return or destroy the inadvertently produced documents
9  identified and all copies thereof, and certify in writing that it has done so.  If the
10 Receiving Party seeks to challenge the claim of privilege, the parties shall meet and
11 confer and attempt to resolve the matter without Court intervention.  If the dispute is
12 not resolved by the parties, the Receiving Party may file a motion challenging the
13 privilege claim.  Nothing in this Paragraph shall prejudice the right of any party to
14 seek discovery of communications, documents and things as to which a claim of
15 privilege has been made.

16       17.    If CONFIDENTIAL INFORMATION or any portion thereof is
17 disclosed by the Receiving Party, through inadvertence or otherwise, to any person or
18 party not authorized under this Protective Order, then the Receiving Party shall use its
19 best efforts to retrieve immediately all copies of such CONFIDENTIAL
20 INFORMATION and to bind such person to the terms of this Protective Order.  In
21 such event, the Receiving Party shall also (a) promptly inform such person of all the
22 provisions of this Protective Order; (b) identify such person and the circumstances of
23 disclosure immediately to the Producing Party; and (c) request such person to execute
24 the Non-Disclosure Agreement attached hereto as Exhibit A.  The foregoing shall not
25 relieve a party of liability, if any, for disclosing CONFIDENTIAL INFORMATION
26 in violation of this Protective Order.

27       18.    Nothing in this Protective Order shall be deemed to preclude any party
28 or third party from seeking and obtaining, on an appropriate showing, additional

protection regarding materials or information designated as CONFIDENTIAL INFORMATION or relief from this Protective Order. In any such request to the Court, the party seeking to obtain additional protection or to obtain relief from this Protective Order, shall bear the burden of showing why such additional protection or relief should be granted.

19. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client with respect to the Action, and in the course thereof, relying upon an examination of CONFIDENTIAL INFORMATION provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose any CONFIDENTIAL INFORMATION nor the source of any CONFIDENTIAL INFORMATION, to anyone not authorized to receive such Discovery Materials pursuant to the terms of this Protective Order.

20. Notwithstanding any other provision of this Protective Order, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply (as the case may be) to any CONFIDENTIAL INFORMATION that:

(1) at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

(2) has become, through no act or failure on the part of the Receiving Party, part of the public domain by authorized publication or otherwise lawful means;

(3) at the time of disclosure, was already in the lawful possession of the Receiving Party;

(4) after disclosure hereunder, was acquired by the Receiving Party from a third party lawfully possessing such CONFIDENTIAL INFORMATION and having no confidentiality obligation to the Producing Party;

(5) the Producing Party agrees may be disclosed to a third party under no confidentiality obligation; or

(6) the Court, after notice to the parties and upon good cause, orders to be

disclosed.

21. In the event that the case proceeds to trial, the parties may move the Court, at any time within the deadlines set by the Court for the service and hearing of motions in limine, to maintain the protected status of any information designated as CONFIDENTIAL INFORMATION pursuant to this Protective Order, or to implement alternative or additional protections for such information at trial. If the moving party shows sufficient cause to maintain the protected status of the information or to implement alternative or additional protections at trial, the Court will enter an order to that effect. If no party makes a motion under this Paragraph or if the Court denies a party's motion under this Paragraph with respect to any information previously designated as CONFIDENTIAL INFORMATION, such information will become public upon commencement of the trial and will be presumptively available to all members of the public.

22. If a Receiving Party in possession of Discovery Materials designated as CONFIDENTIAL INFORMATION receives a subpoena or other request from a non-party to either action seeking production or other disclosure of such Discovery Materials, the Receiving Party shall immediately give written notice to the Producing Party, specifying the Discovery Materials sought and enclosing a copy of the request, subpoena or other form of compulsory process. The Receiving Party shall not produce or otherwise disclose any Discovery materials containing CONFIDENTIAL INFORMATION without prior written authority from the Producing Party or a court order. It shall solely be Producing Party's responsibility, however, to oppose any motion by a non-party seeking disclosure of such Discovery Materials.

23. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things,

and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

24.  In the event anyone shall violate or threaten to violate the terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of the Protective Order, and in the event the aggrieved party shall do so, the respondent person, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law.  The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.  The foregoing shall not be construed as limiting a party's right to seek other remedies, including damages, if any, in the event of a violation of this Protective Order.

25.  Either party may request any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of CONFIDENTIAL INFORMATION.  Non-parties from whom discovery is sought in connection with this action may designate their Discovery Materials as CONFIDENTIAL INFORMATION under the provisions of this Order.  Any amendment to this Protective Order must be entered by the Court to be effective.

26.  All Discovery Materials together with all copies thereof, which have been designated as including CONFIDENTIAL INFORMATION, and any documents containing such information, shall be destroyed or returned to the respective Producing Party, and as preferred by the Producing Party, within ninety (90) calendar days after the entry of final judgment and conclusion of any and all appeals, or the final settlement of this case, and certify in writing that it has done so.

At all times while in existence, such archival copies shall be treated pursuant to the terms of this Protective Order.

27.  All notices, objections and other communications required or permitted

to be made pursuant to any provision of this Protective Order shall be in writing.

28. Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written request. This Court shall retain jurisdiction over the subject matter of this Order and the parties herein for purposes of enforcing this Order.

**IT IS SO ORDERED**.

DATED: April 14, 2011

*/s/John E. McDermott*
HON. JOHN E. MCDERMOTT
United States Magistrate Judge