1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JANE FOERSTER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PATENTHEALTH, LLC, an Ohio corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV10 9936 AHM (JEMx)<br><br>**[PROPOSED] SUPPLEMENTAL PROTECTIVE ORER**<br><br>Judge: Hon. John E. McDermott<br>Place: Courtroom C, 8th Floor |
|---|---|

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER

## SUPPLEMENTAL PROTECTIVE ORDER

Upon consideration of the Stipulation re: Supplemental Protective Order, filed on September 20, 2011 by Plaintiff Jane Foerster ("Plaintiff") and Defendant PatentHEALTH, LLC ("Defendant") (together the "Parties," and each individually, a "Party"), the Court GRANTS the Supplemental Protective Order as follows:

1. The Supplemental Protective Order shall govern all CONFIDENTIAL FINANCIAL INFORMATION produced or disclosed in the Litigation by Defendant to Plaintiff's Counsel of Record.

2. The term "CONFIDENTIAL FINANCIAL INFORMATION" shall mean and include non-public confidential information of or in the possession of the Defendant that Defendant may disclose to Plaintiff's Counsel of Record in connection with any settlement discussion and as to which Defendant considers in good faith to contain financial information that may be protected from public disclosure under the Federal Rules of Civil Procedure or California law.

3. The term "Plaintiff's Counsel of Record" shall mean the following persons:

   a. Natalie Finkelman Bennett, Esq., of Shepherd Finkleman Miller & Shah LLP;
   b. Scott R. Shepherd, Esq., of Shepherd Finkleman Miller & Shah LLP;
   c. James C. Shah, Esq., of Shepherd Finkleman Miller & Shah LLP;
   d. Behram V. Parekh, Esq., of Kirtland & Packard LLP;
   e. Heather Marie Peterseon, Esq., of Kirtland & Packard LLP; and
   f. Michael L. Kelly, Esq., of Kirtland & Packard LLP;

4. Capitalized terms used, but not defined herein, shall have the same meanings ascribed to them in the Protective Order.

5. Any Discovery Materials containing or including any CONFIDENTIAL FINANCIAL INFORMATION shall be designated as such by Defendant by stamping

or labeling it with, or otherwise affixing thereto, the following legend on every page of the Document:

**"CONFIDENTIAL FINANCIAL INFORMATION"**

6. All CONFIDENTIAL FINANCIAL INFORMATION not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth above shall be designated by Defendant by informing one or more of Plaintiff's Counsel of Record in writing of the appropriate designation.

7. Plaintiff's Counsel of Record may view CONFIDENTIAL FINANCIAL INFORMATION for the sole purpose of confirming Defendant's current financial condition in order to facilitate the settlement discussions that occur on or before October 18, 2011 between Plaintiff and Defendant.

8. Plaintiff's Counsel of Record shall maintain all CONFIDENTIAL FINANCIAL INFORMATION in the strictest of confidence and, except as expressly provided herein, under no circumstances may CONFIDENTIAL FINANCIAL INFORMATION (i) be used for any purpose by any person, (ii) be disclosed by Plaintiff's Counsel of Record to any person, including Plaintiff, Independent Experts or Consultants, the Court, or to any of Plaintiff's Representatives, or (iii) be copied, photographed, imaged, summarized, distributed, or otherwise referenced.

9. All CONFIDENTIAL FINANCIAL INFORMATION shall be returned to Defendant (i) immediately following termination or conclusion of settlement discussions, or (ii) by close of business on October 18, 2011, whichever is earlier, and Plaintiff's Counsel of Record shall certify in writing that it has done so.

**IT IS SO ORDERED.**

Dated: September 27, 2011      */s/John E. McDermott*
                               HON. JOHN E. MCDERMOTT
                               United States Magistrate Judge